**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AHP CAPITAL MANAGEMENT, LLC as Administrator of American Homeowner Preservation Trust Series 2015A+ and American Homeowner Preservation Trust Series AHP Servicing, | ) ) ) ) ) | Case No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OAK HARBOR CAPITAL, LLC, MAGERICK, LLC, EROSTYLIS, LLC and LAND HOME FINANCIAL SERVICES, INC. | ) ) ) ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT AT LAW

Plaintiff, AHP CAPITAL MANAGEMENT, LLC, as Administrator of U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series 2015A+ and U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP Servicing ("AHP"), by and through its attorney, Brian J. Benoit of Miller Berger, LLC, for its Complaint against OAK HARBOR CAPITAL, LLC ("Oak Harbor"), MAGERICK, LLC ("Magerick"), EROSTYLIS, LLC ("Erostylis"), and LAND HOME FINANCIAL SERVICES, INC. ("Land Home") states as follows:

## NATURE OF THE CASE

1.      This is an action for a declaration that the assignment of assets owned by Plaintiff were improperly and unlawfully assigned by Oak Harbor to its affiliates without consideration to Plaintiff.

## THE PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff is the administrator of U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series 2015A+ ("2015A+ Trust"), a Delaware statutory trust and the administrator of the U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP Servicing ("AHP Servicing Trust"), a Delaware statutory trust, collectively ("The Trusts")

3.      Plaintiff AHP Capital Management, LLC, is an Ohio LLC with its principal place of business in Chicago, Cook County, Illinois.

4.      The sole member of AHP Capital Management, LLC is Neighborhoods United, LLC.

5.      Neighborhoods United LLC is a Delaware Limited Liability Company with its principal place of business in Chicago, Illinois.

6.      The members of Neighborhoods United, LLC are Echeverria Kelly and Jorge Newbery.

        a.      Echeverria Newbery is a resident of Barrington, Cook County, Illinois.

        b.      Jorge Newbery is a resident of Barrington, Cook County, Illinois.

7.      Defendant, Oak Harbor is a Delaware Limited Liability Corporation with its principal place of business in Seattle, Washington.

8.      Upon information and belief, the sole member of Oak Harbor is Oak Harbor Holdings, LLC.

9.      Oak Harbor Holdings, LLC is a Delaware Limited Liability Corporation with its principal place of business in Seattle, Washington.

10. Upon information and belief, the individual members of Oak Harbor Holdings are Courtney Dodd, a resident of the State of Texas and Ophrys, LLC (now known as Oak Harbor Capital, LLC, *see* ¶ 7).

11. Defendant, Magerick, LLC is a Delaware Limited Liability Corporation with its principal place of business in Seattle Washington.

12. Magerick, LLC's sole member is Oak Harbor.

13. Defendant, Erostylis, LLC is a Delaware Limited Liability Company with its principal place of business in Seattle Washington.

14. The sole member of Erostylis is Oak Harbor.

15. Land Home Financial Services, Inc. is a California Corporation with its principal place of business at 1355 Willow Way, Suite 250, Concord, CA.

16. The amount in controversy involves the improper assignment of mortgage loans with a collective value in excess of $1,000,000.00.

17. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the dispute arises between diverse parties and the amount in controversy exceeds $75,000.00.

18. Oak Harbor buys and sells mortgage loans and properties in the state of Illinois and in the Northern District of Illinois.

19. Magerick buys and sells mortgage loans and properties in the State of Illinois and in the Northern District of Illinois.

20. The Court has personal jurisdiction over Defendants Oak Harbor and Magerick because each transacts business in the State of Illinois through their transfer of real estate and mortgage loans in the State of Illinois and in particular, the transfer of mortgage loans that are the subject of this complaint which are secured by properties located at:

3

a. 1406 Main Street, Georgetown, Vermillion County, IL, 61846 ("1406 Main");

b. 710 Florida Street, Danville, Vermillion County, IL 61832 ("710 Florida");

c. 813 Allen Street, South Pekin, Tazewell County, IL 61564 ("813 Allen");

d. 209 N. Hebard Street, Knoxville, Knox County, IL 61448 ("209 N. Hebard");

e. 526 Golden Street, East St. Louis, Saint Clair County, IL, 62205 ("526 Golden);

f. 13723 S. School Street, Riverdale, Cook County, IL 60827 ("13723 S. School");

g. 517 W. 95th Street, Chicago, Cook County, IL 60628 ("517 W. 95th");

h. 1515 S. 58th Avenue, Cicero, Cook County, IL 60804 ("1515 S. 58th");

i. 415 Ponderosa Ave., Apt. 5, O'Fallon, Saint Clair County, IL 62269 ("415 Ponderosa");

j. 501 S. Green, Polo, Ogle County, IL ("501 S. Green");

k. 106 W. 114th St., Chicago, Cook County, IL 60628 ("106 W. 114th"); and

l. 3217 Geitz Street, East St. Louis, St. Clair County, Illinois 62205 ("3217 Geitz").

The assets are hereinafter collectively referred to as "Subject Assets."

21. Land Home is a lending institution with a license in the State of Illinois.

22. Land Home serviced the loans for the Subject Assets.

23. Venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants' conduct giving rise to the claims asserted herein occurred within this judicial district.

## FACTS

24. AHP is the administrator of two trusts (2015A+ Trust and AHP Servicing Trust) that hold mortgage loans on real properties throughout the United States.

25. On or around October 7, 2022, AHP Capital Management, as administrator of U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series 2015A+ and U.S. Bank Trust NA as Trustee of American Homeowner Preservation Trust Series AHP Servicing

entered into a transaction with Cymbidium Restoration Trust ("Cymbidium"), an affiliate of Oak Harbor whereby Cymbidium was granted certain rights to mortgage loans and REOs to satisfy consideration paid to 2015A+ Trust and AHP Servicing Trust ("Mortgage Sale Agreement").

26.     In furtherance of the transaction, AHP executed Limited Powers of Attorneys granting Oak Harbor limited rights to take certain actions on assets owned by 2015A+ Trust and AHP Servicing Trust.

## I.     THE LIMITED POWER OF ATTORNEYS

27.     On April 19, 2023, AHP executed a limited power of attorney on behalf of U.S. Bank Trust N.A. as Trustee of American Homeowner Preservation Series 2015A+, appointing Oak Harbor as attorney-in-fact to carry out tasks associated with Oak Harbor's responsibilities to manage mortgage loans and Real Estate Owned ("REO") properties owned by 2015A+ Trust. *See* Oak Harbor/2015A+ Trust Limited Power of Attorney ("2015A+/Oak Harbor LPOA") attached as Exhibit A.

28.     2015A+/Oak Harbor LPOA limited the execution of assignments to "the repurchase of the mortgage loan secured and evidenced hereby" as well as "upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof." Exhibit A.

29.     The 2015A+/Oak Harbor LPOA did not grant authority to execute assignments for the sale of loans, or to execute assignments to affiliates for no consideration. Exhibit A.

30.     2015A+/Oak Harbor LPOA was recorded with the Cook County, Illinois Clerk's Office specifically under parcel identification number 28021060020000 on April 28, 2023. Exhibit A.

31.     On April 19, 2023, AHP executed a limited power of attorney on behalf of U.S. Bank Trust N.A. as Trustee of American Homeowner Preservation Series AHP Servicing,

appointing Oak Harbor as attorney-in-fact to carry out tasks associated with Oak Harbor's responsibilities to manage mortgage loans and REO properties owned by AHP Servicing Trust. *See* Oak Harbor/AHP Servicing Trust Limited Power of Attorney ("AHP Servicing/Oak Harbor LPOA") attached as <u>Exhibit B</u>.

32.     AHP Servicing/Oak Harbor LPOA limited the execution of assignments to "the repurchase of the mortgage loan secured and evidenced hereby" as well as "upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof." <u>Exhibit B</u>.

33.     The AHP Servicing/Oak Harbor LPOA did not grant authority to execute assignments for the sale of loans, or to execute assignments to affiliates for no consideration.

34.     The AHP Servicing/Oak Harbor LPOA was recorded on October 17, 2023 in Scotland County, North Carolina. <u>Exhibit B</u>.

35.     In addition to executing limited powers of attorneys, AHP transferred collateral files to Western Alliance Bank, Oak Harbor's custodian, at the direction of Oak Harbor and its affiliates to manage the mortgage loans and REO properties consistent with the powers granted by the limited power of attorneys.

36.     On October 23, 2023, Jorge Newbery, manager of AHP Capital Management revoked all powers of attorney between AHP entities and Oak Harbor entities by correspondence to William Weinstein, authorized representative of Oak Harbor and Magerick. *See* Correspondence attached as <u>Exhibit C</u>.

37.     On November 7, 2023, Jorge Newbery, as manager of AHP Capital Management, LLC, executed a Notice of Revocation of the 2015A+/Oak Harbor LPOA. ("2015A+/Oak Harbor LPOA Revocation Notice"). *See* 2015A+/Oak Harbor LPOA Revocation attached as <u>Exhibit E</u>

38.     The 2015A+/Oak Harbor LPOA Revocation was recorded in with the Cook County Clerk on November 8, 2023. Exhibit D.

39.     On November 7, 2023, Jorge Newbery, as manager of AHP Capital Management, LLC, executed a Notice of Revocation of the AHP Servicing/Oak Harbor LPOA. ("AHP Servicing/Oak Harbor LPOA Revocation Notice"). *See* AHP Servicing/Oak Harbor LPOA Revocation attached as Exhibit E.

40.     On November 8, the AHP Servicing/Oak Harbor LPOA Revocation was recorded in Scotland County, NC. Exhibit E.

41.     In spite of limited powers of attorneys that did not authorize assignment of mortgage loans to affiliates of the attorney-in-fact Oak Harbor, Oak Harbor assigned, without right, a number of mortgage loans to Magerick, which is owned or managed by Oak Harbor.

## II.     THE SUBJECT ASSETS

### A.     1406 Main

42.     On December 8, 2021, the assignment of the mortgage on 1406 Main from Scolopax, LLC to AHP Servicing Trust was recorded in Vermillion County, Illinois. *See* 1406 Main assignment documents attached as Exhibit F.

43.     On April 26, 2023, an assignment of the mortgage 1406 Main from AHP Servicing Trust to Magerick was recorded in Vermillion County, Illinois ("1406 Main Assignment"). Exhibit F.

44.     The 1406 Main Assignment was executed by AHP Servicing Trust "by its Attorney-in-Fact Oak Harbor Capital, LLC." Exhibit F.

45.     AHP Servicing Trust received no consideration in exchange for the 1406 Main Assignment.

**B.** **710 Florida Street**

46.     On July 31, 2020, the assignment of mortgage secured by 710 Florida Street from Scolopax, LLC to AHP Servicing Trust was recorded in Vermillion County. *See* 710 Florida assignment documents attached as Exhibit G.

47.     On April 26, 2023, an assignment of mortgage for 710 Florida from AHP Servicing Trust to Magerick was recorded in Vermillion County, Illinois ("710 Florida Assignment"). Exhibit G.

48.     The 710 Florida Assignment was executed by AHP Servicing Trust "by its Attorney-in-Fact Oak Harbor Capital, LLC." Exhibit G.

49.     AHP Servicing Trust received no consideration in exchange for the 710 Florida Assignment.

**C.** **813 Allen**

50.     On July 19, 2019, the assignment of the mortgage on 813 Allen from Granite Investment Group to 2015A+ Trust was recorded in Tazewell County, Illinois. *See* 813 Allen assignment documents attached as Exhibit H.

51.     On May 2, 2023, an assignment of the mortgage on 813 Allen from 2015A+ Trust to Magerick was recorded in Tazewell County ("813 Allen Assignment"). Exhibit H.

52.     The 813 Allen Assignment was executed by 2015A+ Trust "by its Attorney-In-Fact Oak Harbor Capital, LLC." Exhibit H.

53.     2015A+ Trust received no consideration in exchange for the 813 Allen Assignment.

**D.** **209 N. Hebard**

54.     On August 22, 2022, the assignment of the mortgage on 209 N. Hebard from Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A by

Carrington Mortgage Services, LLC, as its Attorney in Fact to 2015A+ Trust was recorded in Knox County, Illinois. *See* 209 N. Hebard assignment documents attached as Exhibit I.

55.     On May 4, 2023, an assignment of the mortgage on 209 N. Hebard from 2015A+ trust to Magerick was recorded in Knox County, Illinois ("209 N. Hebard Assignment"). Exhibit I.

56.     The 209 N. Hebard Assignment was executed by 2015A+ Trust "by its Attorney-in-Fact Oak Harbor Capital, LLC." Exhibit I.

57.     2015A+ Trust received no consideration for the 209 N. Hebard Assignment.

**E.    526 Golden**

58.     On September 17, 2018, the assignment of the mortgage on 526 Golden from Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A by Carrington Mortgage Services, LLC, as its Attorney in Fact to 2015A+ Trust was recorded in Saint Clair County, Illinois. *See* 526 Golden assignment documents attached as Exhibit J.

59.     On July 7, 2023, Oak Harbor Capital, LLC, as attorney-in-fact for 2105A+ Trust, executed an assignment of the mortgage on 526 Golden St. to Magerick, LLC. ("526 Golden Assignment").

60.     The 526 Golden Assignment was recorded on November 6, 2023. Exhibit J.

61.     2015A+ Trust received no consideration in exchange for the 526 Golden Assignment.

**F.    13723 S. School**

62.     On February 1, 2022, the assignment of the mortgage on 13723 S. School from U.S. Bank Trust National Association, as Trustee of American Homeowner Preservation Trust Series

2014B to 2015A+ Trust was recorded in Cook County, Illinois. *See* 13723 S. School assignment documents attached as <u>Exhibit K</u>.

63.     On July 7, 2023, Oak Harbor Capital, LLC, as attorney-in-fact for 2105A+ executed an assignment of mortgage from 2015A+ Trust to Magerick. ("13723 S. School Assignment"). <u>Exhibit K</u>.

64.     The 13723 S. School Assignment was recorded with the Cook County Clerk on August 22, 2023. <u>Exhibit K</u>.

65.     2015A+ Trust received no consideration in exchange for the 13723 S. School Assignment.

   **G.     <u>517 W. 95th</u>**

66.     On August 4, 2020, the assignment of the mortgage on 517 W. 95th from Wilmington Savings Fund Society, FSB, as Trustee of GSUP Trust Series A 2017 to 2015A+ Trust was recorded in Cook County, Illinois. *See* 517 W. 95th Street assignment documents attached as <u>Exhibit L</u>.

67.     On July 13, 2023, an assignment of the mortgage on 517 W. 95th Street from 2015A+ trust to Magerick was recorded in Cook County, Illinois ("517 W. 95th Street Assignment"). <u>Exhibit L</u>.

68.     The 517 W. 95th Street Assignment was executed by 2015A+ Trust "by its Attorney-in-Fact Oak Harbor Capital, LLC." <u>Exhibit L</u>.

69.     2015A+ Trust received no consideration for the 517 W. 95th Street Assignment.

70.     On September 11, 2023, Magerick, LLC, by its manager Oak Harbor Capital, LLC assigned the mortgage on 517 W. 95th Street to Erostylis, LLC. <u>Exhibit L</u>.

71. The assignment by Magerick to Erostylis, LLC was recorded on September 13, 2023. <u>Exhibit L</u>.

72. Upon information and belief, Oak Harbor Capital, LLC is the only member of Erostylis, LLC.

**H.** <u>**1515 S. 58th**</u>

73. On June 7, 2017, the assignment of the mortgage on 1515 S. 58th from Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A by Carrington Mortgage Services, LLC, as its Attorney in Fact to 2015A+ Trust was recorded in the Cook County Recorder Deeds. *See* 1515 S. 58th assignment documents attached as <u>Exhibit M</u>.

74. On October 9, 2023, Oak Harbor Capital, LLC as attorney in fact for 2015A+ Trust executed as assignment of mortgage from 2015A+ to Magerick ("1515 S. 58th Assignment"). <u>Exhibit M</u>.

75. The 1515 S. 58th Assignment was recorded with the Cook County Clerk on October 13, 2023.

76. 2015A+ Trust received no consideration in exchange for the 1515 S. 58th Assignment.

**I.** <u>**415 Ponderosa**</u>

77. On October 14, 2021, the assignment of the mortgage on 415 Ponderosa from Wilmington Savings Fund Society, FSB, as Trustee of Home Partnership Trust to AHP Servicing Trust was recorded in the St. Clair County Recorder of Deeds. *See* 415 Ponderosa assignment documents attached as <u>Exhibit N</u>.

78.     On November 1, 2023, an assignment of the mortgage on 415 Ponderosa from AHP Servicing Trust to Magerick was recorded in St. Clair County, Illinois ("415 Ponderosa Assignment"). Exhibit N.

79.     The 415 Ponderosa Assignment was executed by AHP Servicing Trust "by its Attorney-in-Fact Oak Harbor Capital, LLC." Exhibit N.

80.     AHP Servicing Trust received no consideration in exchange for the 415 Ponderosa Assignment.

**J.     501 Green**

81.     On August 2, 2018, the assignment of the mortgage on 501 Green from Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust to 2015A+ Trust was recorded in the Ogle County Recorder's Office. *See* 501 Green assignment documents attached as Exhibit O.

82.     On July 7, 2023, an assignment of the mortgage on 501 Green from 2015A+ Trust to Magerick was recorded in the Ogle County Recorder's Office ("501 Green Assignment"). Exhibit O.

83.     The 501 Green Assignment was executed by 2015A+ Trust by "its Attorney-in Fact Oak Harbor Capital, LLC"). Exhibit O.

84.     2015A+ Trust received no consideration in exchange for the 501 Green Assignment.

**K.     106 W. 114th**

85.     On December 5, 2017, the assignment of the mortgage on 106 W. 114th from JanetS. Northrup, Chapter 7 Trustee of the Bankruptcy Estate of 3 Star Properties, LLC to 2015A+

Trust was recorder with the Cook County Recorder of Deeds. *See* 106 W. 114th assignment documents attached as Exhibit P.

86.     On August 18, 2023, Oak Harbor Capital, LLC, as Attorney-In-Fact for 2015A+ Trust, executed an assignment of the mortgage on 106 W. 114th to Magerick. ("106 W. 114th Assignment"). Exhibit P.

87.     The 106 W. 114th Assignment was recorded with Cook County Clerk on August 22, 2023. Exhibit P.

88.     2015A+ received no consideration in exchange for the 106 W. 114th Assignment.

**L.      3217 Geitz**

89.     On July 10, 2020, the assignment of the mortgage on 3217 Geitz from Scolopax, LLC to AHP Servicing Trust was recorded with the St. Clair County Recorder of Deeds. *See* 3217 Geitz assignment documents attached as Exhibit Q.

90.     On October 5, 2023, Oak Harbor Capital, LLC, as Attorney-In-Fact for AHP Servicing Trust executed an assignment of the mortgage on 3217 Geitz to Magerick. ("3217 Geitz Assignment"). Exhibit Q.

91.     The 3217 Geitz Assignment was recorded with the St. Clair County Recorder of Deeds on October 6, 2023. Exhibit Q.

92.     AHP Servicing Trust received no consideration in exchange for the 3217 Geitz Assignment.

93.     The above referenced mortgage loans in subheadings A through and including L shall be referred to as "Loans Assigned from the Trusts."

## COUNT I – DECLARATORY JUDGMENT
### (Against Oak Harbor)

94.     AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph ninety-four (94).

95.     AHP seeks a declaration that Oak Harbor, in assigning the Loans Assigned from The Trusts to entities owned by, managed by, or affiliated with Oak Harbor, for which the Trusts received no consideration, Oak Harbor exceeded and breached the scope of its authority granted to it via the Oak Harbor LPOAs. Exhibits A and B.

96.     AHP further seeks a declaration that the Loans Assigned from The Trusts that Oak Harbor transferred to entities owned by, managed by, or affiliated with Oak Harbor, for which the Trusts received no consideration, are null and void because Oak Harbor breached and exceeded the authority granted to it via the Oak Harbor LPOAs. Exhibits A and B.

 WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court enter an order:

1.      Declaring that the transfer and assignment of the Loans Assigned from The Trusts exceeded and breached the scope of authority granted to Oak Harbor via the Oak Harbor LPOAs;

2.      Declaring that the transfer and assignment of the Loans Assigned from The Trusts are null and void; and

3.      For any additional relief that this Court deems just and appropriate.

## COUNT II – CONSTRUCTIVE FRAUD
### (Against Oak Harbor Capital, LLC)

97.     AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph ninety-seven (97).

98. The execution of the 2015A+/Oak Harbor LPOA and the AHP Servicing/Oak Harbor LPOA ("Oak Harbor LPOAs"), established a fiduciary relationship between Oak Harbor as attorney-in-fact and the 2015A+ Trust and AHP Servicing Trust.

99. As part of its fiduciary duty, Oak Harbor was required to execute its authority as attorney-in-fact commensurate with those powers expressly granted to it via the Oak Harbor LPOAs.

100. The Oak Harbor LPOAs did not permit Oak Harbor to assign mortgage loans from The Trusts to entities owned by, managed by, or affiliated with Oak Harbor.

101. The Oak Harbor LPOAs did not permit Oak Harbor to assign mortgage loans from The Trusts to entities owned by, managed by, or affiliated with Oak Harbor in exchange for no consideration to The Trusts.

102. Oak Harbor represented to AHP that it would adhere to its obligations under the Oak Harbor LPOAs.

103. Oak Harbor never discussed, nor requested of AHP, the authority to execute assignments on its behalf to its affiliates for no consideration.

104. Had AHP known that Oak Harbor intended to utilize the LPOAs to assign assets belonging to the 2015A+ trust and AHP Servicing Trust for no consideration, AHP would not have executed the LPOAs.

105. The assignment of assets owned by The Trusts to affiliates of Oak Harbor damaged AHP to the extent The Trusts are now deprived of the benefit of owning the Loans Assigned from the Trusts.

106. Oak Harbor, in assigning the mortgage loans to its affiliates, gained an advantage over AHP and The Trusts by also depriving The Trusts of consideration for the Loans Assigned from The Trusts to satisfy consideration under the Mortgage Sale Agreement.

WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court find in its favor and against Defendant, Oak Harbor Capital, LLC and for:

1. The imposition of a constructive trust for the benefit of the Plaintiff over all proceeds from payments, interest, or other beneficial in the Loans Assigned from the Trust; and

2. An order declaring that the assignment of the Loans Assigned from the Trusts are null and void; and

3. Any additional relief that this Court deems just and appropriate.

## COUNT III – BREACH OF FIDUCIARY DUTY
### (Against Oak Harbor Capital, LLC)

107. AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph one-hundred and seven (107).

108. The execution of the Oak Harbor LPOAs established a fiduciary relationship between Oak Harbor as attorney-in-fact and The Trusts.

109. As part of its fiduciary duty, Oak Harbor was required to execute its authority as attorney-in-fact commensurate with those powers expressly granted to it via the Oak Harbor LPOAs.

110. As part of its fiduciary duty as attorney-in-fact to The Trusts, Oak Harbor had a duty to act in the best interests of The Trusts and AHP.

111. The Oak Harbor LPOAs did not permit Oak Harbor to assign mortgage loans from The Trusts to entities owned by, managed by, or affiliated with Oak Harbor.

112. The Oak Harbor LPOAs did not permit Oak Harbor to assign mortgage loans from The Trusts to entities owned by, managed by, or affiliated with Oak Harbor in exchange for no consideration to The Trusts.

113. In violation of its fiduciary duty to The Trusts, Oak Harbor assigned Loans Assigned from The Trusts to its own affiliates without the exchange of consideration to The Trusts and without authority.

114. As a result of Oak Harbor's breach of fiduciary duty, AHP was deprived of assets it owned.

115. As a result of Oak Harbor's breach of fiduciary duty, AHP was deprived of consideration for the Loans Assigned from The Trusts to satisfy consideration under the Mortgage Sale Agreement.

WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court find in its favor and against Defendant, Oak Harbor Capital, LLC and for:

1. The imposition of a constructive trust for the benefit of the Plaintiff over all proceeds from payments, interest, or other beneficial in the Loans Assigned from the Trust; and

2. An order declaring that the assignment of the Loans Assigned from the Trusts are null and void; and

3. Awarding Plaintiff punitive damages in an amount to be determined at trial, including but not limited to, costs and attorney's fees; and

4. Any additional relief that this Court deems just and appropriate.

### COUNT IV - UNJUST ENRICHMENT
### (Against Oak Harbor Capital, LLC)

116. AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph one-hundred and sixteen (116).

117.     The transfer by Oak Harbor of the Loans Assigned from the Trust to its affiliated entities conferred a benefit on Oak Harbor.

118.     The failure of Oak Harbor to give consideration to The Trusts and AHP for the assignment of the Loans Assigned from the Trust to Oak Harbor's affiliates was to the detriment of The Trusts and AHP.

119.     The deprivation by Oak Harbor of property of The Trusts without consideration violates the fundamentals principles of justice, equity, and good conscience.

120.     Since the Loans Assigned from the Trust are mortgage loans, the value of which fluctuates depending on market conditions, there is no adequate remedy at law.

WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court find in its favor and against Defendant, Oak Harbor Capital, LLC and for:

1.     The imposition of a constructive trust for the benefit of the Plaintiff over all proceeds from payments, interest, or other beneficial in the Loans Assigned from the Trusts; and

2.     An order declaring that the assignment of the Loans Assigned from the Trusts are null and void; and

3.     Any additional relief that this Court deems just and appropriate.

## COUNT V - UNJUST ENRICHMENT
### (Against Magerick, LLC)

121.     AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph one-hundred and twenty-one (121).

122.     The transfer by Oak Harbor of the Loans Assigned from the Trusts to Magerick conferred a benefit on Magerick.

123.     The failure of Magerick to give consideration to The Trusts and AHP for the assignment of the Loans Assigned from the Trusts to Magerick was to the detriment of The Trusts and AHP.

18

124. The deprivation by Magerick of property of The Trusts without consideration violates the fundamentals principles of justice, equity, and good conscience.

125. Since the Loans Assigned from the Trusts are mortgage loans, the value of which fluctuates depending on market conditions, there is no adequate remedy at law.

WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court find in its favor and against Defendant, Magerick, LLC and for:

1. The imposition of a constructive trust for the benefit of the Plaintiff over all proceeds from payments, interest, or other beneficial in the Loans Assigned from the Trust; and

2. An order declaring that the assignment of the Loans Assigned from the Trusts are null and void; and

3. Any additional relief that this Court deems just and appropriate.

## COUNT VI – UNJUST ENRICHMENT
### (Against Erostylis)

126. AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph one-hundred and twenty-three (126).

127. The assignment by Magerick of 517 W. 95th conferred a benefit on Erostylis.

128. Erostylis is managed by Oak Harbor.

129. The failure of Erostylis to give consideration to The Trusts and AHP for the assignment of the Loans Assigned from the Trusts to Erostylis was to the detriment of The Trusts and AHP.

130. The deprivation by Erostylis of property of The Trusts without consideration violates the fundamentals principles of justice, equity, and good conscience.

131. Since the Loans Assigned from the Trusts are mortgage loans, the value of which fluctuates depending on market conditions, there is no adequate remedy at law.

WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court find in its favor and against Defendant, Erostylis, LLC and for:

1. The imposition of a constructive trust for the benefit of the Plaintiff over all proceeds from payments, interest, or other beneficial in the Loans Assigned from the Trust; and

2. An order declaring that the assignment of the Loans Assigned from the Trusts are null and void; and

3. Any additional relief that this Court deems just and appropriate.

### COUNT VII – CONSPIRACY TO DEFRAUD
**(Against Oak Harbor, LLC and Land Home Financial Services, Inc.)**

132. AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph one-hundred and thirty-two (132).

133. On or about the time in which the Oak Harbor LPOAs were executed, AHP caused the collateral files for the Loans Assigned from the Trust to be transferred to Western Alliance Bank, custodian of collateral files for Oak Harbor and/or its affiliates.

134. At the request of Oak Harbor, servicing of the Loans Assigned from the Trusts was transferred to Land Home, which accepted the responsibility of servicing the Loans Assigned from the Trusts.

135. Oak Harbor retained Land Home to be the servicer of the Loans Assigned from the Trusts.

136. Upon information and belief, Land Home holds a financial stake in Oak Harbor and/or its affiliates.

137. At the time Land Home was retained to service the Loans Assigned from the Trusts, Land Home knew that any assignment of mortgage loans for no consideration and to affiliates of Oak Harbor was in violation of the terms of the LPOAs.

138.    Land Home knew the terms of the LPOAs because the terms of the LPOAs restricted the powers that Oak Harbor was vested to carry out.

139.    Oak Harbor and Land Home knew that the assignment of mortgage loans without consideration was in violation of the terms of the Oak Harbor LPOAs.

140.    Land Home and Oak Harbor represented to AHP that it would service the loans pursuant to the terms of the LPOAs.

141.    Despite their representations to AHP, Oak Harbor and Land Home knew that some of the mortgage loans Land Home was servicing for Oak Harbor, including Loans Assigned from the Trusts had been or would be assigned to entities owned or operated by Oak Harbor in violation of the Oak Harbor LPOAs.

142.    Despite their representations to AHP, Oak Harbor and Land Home knew that the some of the mortgage loans Land Home was servicing for Oak Harbor, including Loans Assigned from the Trusts had been or would be assigned to entities owned or operated by Oak Harbor in exchange for no consideration in violation of the Oak Harbor LPOAs.

143.    In spite of Land Home's knowledge, Land Home conspired with Oak Harbor and facilitated the assignment of the Loans Assigned from the Trusts to Magerick for no consideration.

144.    As a result of their conspiracy to defraud AHP, AHP has been deprived of the Loans Assigned from the Trusts to its detriment.

WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court find in its favor and against Defendants Oak Harbor Capital, LLC and Land Home Financial Services, Inc. and for:

1.    The imposition of a constructive trust for the benefit of the Plaintiff over all proceeds from payments, interest, or other beneficial in the Loans Assigned from the Trust; or

2.      An order declaring that the assignment of the Loans Assigned from the Trusts are null and void; and

3.      Awarding Plaintiff punitive damages in an amount to be determined at trial, including but not limited to, costs and attorney's fees; and for

4.      Any additional relief that this Court deems just and appropriate.

## COUNT VII – ACCOUNTING
### (Against Oak Harbor)

145.    AHP restates and realleges paragraphs one (1) through and including ninety-three (93) as though fully set forth herein as paragraph one-hundred and forty-five (145).

146.    On or about the time in which the Oak Harbor LPOAs were executed, at Oak Harbor's request AHP delivered the collateral files to Western Alliance Bank for the Loans Assigned from the Trust.

147.    At the request of Oak Harbor, servicing of the Loans Assigned from the Trusts was transferred to Land Home, which accepted the responsibility of servicing the Loans Assigned from the Trusts.

148.    Thereafter, and in violation of its fiduciary duty to The Trusts and in violation of the Oak Harbor LPOAs, Oak Harbor assigned Loans Assigned from The Trusts to its own affiliates without consideration and without authority.

149.    Oak Harbor, by assigning and/or transferring the mortgage loans to its affiliates, gained an advantage over AHP and The Trusts by also depriving The Trusts of consideration for the Loans Assigned from The Trusts to satisfy consideration under the Mortgage Sale Agreement.

150.    After discovering that Oak Harbor assigned and/or transferred mortgage loans from The Trusts to entities owned by, managed by, or affiliated with Oak Harbor, for which the Trusts received no consideration, AHP made a demand for an accounting to Oak Harbor, which Oak Harbor refused.

151.    Although requested by AHP to do so, Oak harbor has failed, neglected, and/or refused to account to AHP for all amounts received by Oak Harbor in connection with the Loans Assigned to Oak Harbor and its affiliates.

WHEREFORE, Plaintiff AHP Capital Management, LLC requests this Court find in its favor and against Defendant Oak Harbor Capital, LLC, ordering as follows:

1.    Oak Harbor to account for all assignments of mortgage loans from the Trusts to the entities owned by, managed by, or affiliated with Oak Harbor, and defined as Loans Assigned from the Trusts; and

2.    Oak Harbor to account for all amounts received by Oak Harbor in connection with the Loans Assigned to Oak Harbor and its affiliates; and

2.    For any additional relief that this Court deems just and appropriate.

Date:  January 11, 2024                              Respectfully submitted,

                                        By:    */s/ Brian J. Benoit*
                                               Brian J. Benoit, One of the attorneys for
                                               AHP Capital Management, LLC

Brian J. Benoit (ARDC # 6289041)
Myles R. Carroll (ARDC # 6335660)
MILLER BERGER, LLC
20 N. Clark St., Ste. 525
Chicago, Illinois 60602
(312) 283-4386
brian@millerberger.com
myles@millerberger.com